IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 12-40164-659 |
| | ) Chapter 7 |
| BURTON DOUGLAS MORRISS, | ) |
| | ) Judge Kathy A. Surratt-States |
| Debtor. | ) Hearing Date: January 26, 2015 |
| | ) Hearing Time: 10:00 a.m. |
| | ) Hearing Location: Courtroom 7 North |

### SIXTH JOINT MOTION OF RECEIVERSHIP ENTITIES FOR ORDER EXTENDING THE DEADLINE FOR OBJECTING TO DISCHARGE AND DISCHARGEABILITY

**COME NOW** Acartha Group, LLC ("Acartha Group"), Acartha Technology Partners, L.P., MIC VII, LLC, and Gryphon Investments III, LLC (collectively, the "Receivership Entities"), by and through Claire M. Schenk as Receiver ("Receiver"), creditors and parties in interest, and hereby seek an order from this Court extending the deadline for objecting to the discharge and dischargeability of indebtedness. In support of this Motion (this "Motion"), the Receivership Entities state:

### Background on Debtor's Case and SEC Case Resulting in Appointment of Receiver

1.  On January 9, 2012 (the "Petition Date"), Burton Douglas Morriss ("Debtor" or "Morriss"), filed a voluntary petition for relief under the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Missouri commencing this proceeding (the "Case").

2.  Until the appointment of the Receiver in the SEC Case as more particularly described below, Debtor served as the chief executive officer and chairman of Acartha Group's board of directors, and the managing member of MIC VII, LLC. Debtor also served as a manager of Gryphon Investments III, LLC, the general partner of Acartha Technology Partners, L.P. Debtor additionally served as the chairman and controlling member of Morriss Holdings, LLC and a member of its board of directors. Debtor may have an interest as an owner or manager of any number of other entities. Further, as more particularly described below, Debtor's financial status remains unclear.

6086818

3. On January 17, 2012, the United States Securities and Exchange Commission (the "SEC") filed its *Complaint for Injunctive and Other Relief* (the "Complaint") against Debtor, Acartha Group, LLC, Acartha Technology Partners, L.P., MIC VII, LLC, Gryphon Investments III, LLC and Morriss Holdings, LLC (collectively, the "SEC Defendants") in the United States District Court for the Eastern District of Missouri (the "Missouri District Court"), Case No. 4:12-cv-00080-CEJ (the "SEC Case").

4. Also on January 17, 2012, the Missouri District Court granted the SEC's emergency motion for the appointment of a receiver pursuant to its Order Appointing Receiver (the "Receivership Order").

5. Pursuant to the Receivership Order, the Missouri District Court appointed the Receiver as receiver for the Receivership Entities. The Receiver was not appointed a receiver over Debtor under the Receivership Order.

6. Among other things, the Receivership Order authorizes the Receiver to operate and manage the businesses and financial affairs of the Receivership Entities and directs that the Receiver succeeds to all rights and powers of managing member and/or managing partner of the Receivership Entities, with sole and exclusive authority to take all actions necessary in such capacity.

7. As more fully described in the SEC Case, Debtor is alleged to have committed various acts of fraud. Pleadings filed in the SEC Case allege that between 2005 and 2011, Debtor, using the Receivership Entities, fraudulently transferred approximately $9.1 million of investor funds for his personal use. Among other things alleged, Debtor used the fraudulently obtained investor funds to satisfy personal loans, pay alimony, and take expensive vacations.

8. By Order of this Court entered on February 13, 2012, Debtor's case was converted from one under Chapter 11 of the United States Bankruptcy Code to one under Chapter 7 of the United States Bankruptcy Code, and Charles W. Riske was appointed as the Chapter 7 Trustee (the "Trustee") of Debtor's bankruptcy estate.

9.   With the conversion of the Debtor's case to one under Chapter 7, the deadline for objecting to discharge under Section 727 of the Bankruptcy Code and dischargeability under Section 523 of the Bankruptcy Code was established as May 7, 2012.

10.   As a result of the allegations asserted in the SEC Case, as well as certain criminal proceedings commenced against Debtor and more particularly described below, and inability to confirm the status of Debtor's financial affairs in this Case, the Trustee, the Receivership Entities, and others have moved this Court at various times in the Case to extend the deadline for objecting to discharge under Section 727 of the Bankruptcy Code and dischargeability under Section 523 of the Bankruptcy Code.

11.   As a result of orders entered by this Court in this Case, the current deadline for objecting to discharge of the Debtor and the dischargeability of claims is January 31, 2015.

12.   As outlined in this Motion, the Receiver and the Receivership Entities believe cause exists to further extend the deadline to object to discharge and dischargeability.

## Basis for Relief Requested

13.   Pursuant to Bankruptcy Rules 4004(b), 4007(c) and 9006(b), this Court may upon the Motion of a creditor or party in interest filed prior to the deadline for objecting to discharge and dischargeability, extend such deadline for cause shown.

14.   Since the filing of this Case, Debtor pled guilty to tax evasion in the criminal proceeding pending against him and a permanent injunction was entered against him relative to the SEC Case.

15.   On August 13, 2013, Debtor consented to the Judgment of Permanent Injunction sought by the SEC in the SEC Case and additionally agreed to a later determination as to an amount of a disgorgement. Thereafter, on or about February 24, 2014, Debtor consented to the entry of Final Judgment whereby Debtor was ordered to disgorge $9.1 million plus prejudgment interest of $416,090.71. The liability assessed represents $9.1 million gained by Debtor as a result of the conduct alleged in the Complaint, together with prejudgment interest of $416,090.71. As part of his consent and in connection with the SEC's motion for disgorgement and a civil penalty, Debtor is precluded from, among other things, arguing that he did not violate the federal securities laws as alleged by the SEC. It is

the Receiver's understanding that Debtor's obligation for disgorgement is not impacted by, or dischargeable in, bankruptcy pursuant to Section 523(a)(19), and perhaps other Sections of the Bankruptcy Code.

16. On August 26, 2013, Morriss entered a guilty plea in a criminal matter, United States of America v. Burton Douglas Morriss, 4:13-CR-341-RWS, pending in the federal District Court for the Eastern District of Missouri (the "Criminal Case"). Debtor admitted to a knowing and willful violation of Title 26, United States Code, Section 7201. In particular, he admitted that he attempted to defeat a tax or the payment of a tax which attempt sought to avoid the payment of a substantial additional tax. In exchange for the voluntary plea, the government agreed, among other things, that no further federal prosecution will be brought in the Eastern District of Missouri relative to the defendant's conduct with respect to the evasion of income taxes. On December 19, 2013, Debtor was sentenced in the Criminal Case to 60 months imprisonment to be followed by supervised release for a term of three years. Additionally, the Court directed Debtor to pay the amount of $5,559,386 to the Internal Revenue Service. Debtor is currently incarcerated outside the State of Missouri.

17. In addition, on June 27, 2014, Debtor filed lengthy schedules and statements. The Creditor body has not had the opportunity to conclude questioning the Debtor under oath at a "Section 341" meeting or otherwise relative to his financial affairs and evaluate Debtor's responses to and productions of documents at an examination, as Debtor previously asserted his Fifth Amendment privilege against incrimination in prior efforts by the Trustee and the creditor body to examine him.

18. Although this case has been pending for nearly three years, Debtor only recently commenced to assist the Trustee and other parties in interest in fully identifying his assets and liabilities and disclosing his financial affairs. In earlier efforts to obtain written confirmation of Debtor's financial status and his testimony under oath in this Case, Debtor asserted his privilege against self-incrimination afforded under the Fifth Amendment to the Constitution. Having waited nearly two and a half years for Debtor to voluntarily disclose his financial situation under penalty of perjury, the Trustee, the Receiver

and other parties in interest need additional time to digest and respond to this information and have the opportunity to question Debtor regarding same under oath.

19. Mr. Morriss is now in federal prison in Lexington, Kentucky and the Trustee and Debtor's counsel have worked to make appropriate arrangements to conduct and conclude the "Section 341" meeting. The Section 341 meeting has yet to be conducted in full and the scheduling and conclusion of the 341 meeting and any other desired examinations is expected to take some time due to the prison regulations and procedures. Movant understands that the Debtor has no objection to a continuation of the deadline and the relief sought by this Motion.

20. In sum, creditors and other parties in interest continue to need additional time under the circumstances to fully determine their rights and remedies given the complicated nature of Debtor's financial affairs, the recent availability of financial information, and the opportunity to examine Debtor under oath at a "Section 341" meeting and otherwise. Upon information and belief, there is no objection to the relief sought by the Motion. The interests of justice are best served by affording the parties additional time to fully determine the nature and scope of their rights relative to the discharge and dischargeability of claims against Debtor.

**WHEREFORE**, the Receivership Entities respectfully request the Court enter an Order:

A. Extending the deadlines to object to discharge and dischargeability to at least June 30, 2015 (preserving the opportunity to pursue further extensions of such deadline); and

B. Providing for such other and further relief as the Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By   /s/ Cheryl A. Kelly
Cheryl A. Kelly, E.D. Mo. #36821MO
ckelly@thompsoncoburn.com
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000

Attorneys for the Receivership Entities, acting by and through Claire M. Schenk, Receiver

## CERTIFICATE OF SERVICE

   In addition to those parties served with this document by the Court's CM/ECF system, the undersigned certifies that she served a true and complete copy of this document by first class mail, postage prepaid, upon each of the parties listed below this 31st day of December, 2014:

Robert K. Levenson
Miami Regional Office
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131

United States Department of Justice
U.S. Trustee's Office
111 S. 10th Street, Ste. 6353
St. Louis, MO 63102

ATEC, Inc.
1188 Walters Way Lane
Olivette, MO 63132

James D. Briggs
Plaza Financial Advisors, Inc.
101 S. Hanley
St. Louis, MO 63105

Paul Hastings LLP
191 N. Wacker Drive
Thirtieth Floor
Chicago, IL 60606

Jay Samuels
120 Albany St. Plaza, Ste. 100
New Brunswick, NJ 08901

Tech Partners, LLC
RDV Corporation
126 Ottawa Ave. NW
Suite 500
Grand Rapids, MI 49503

Vincent D. Vogler
The Vogler Law Firm, P.C.
PO Box 419037
St. Louis, MO 63141


              */s/ Cheryl A. Kelly*